STEVENS & LEE, P.C.
485 Madison Avenue, 20th Floor
New York, New York  10022
Telephone: (212) 319-8500
Fax: (212) 319-8505
Constantine D. Pourakis
Email: cp@stevenslee.com

*Counsel for Polish & Slavic Federal Credit Union*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| CLAUDIA GALLO, | : Case No. 15-70675 (LAS) |
| | : |
| Debtor. | : |

------------------------------------------------------------------- x

**MOTION FOR AN ORDER GRANTING RELIEF FROM**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(2)**

Polish & Slavic Federal Credit Union ("**Movant**"), by and through its attorneys, Stevens & Lee, P.C., hereby submits this motion (the "**Motion**") for an order granting relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code (defined below) to allow Movant to pursue its foreclosure action against Claudia Gallo (the "**Debtor**"), pending before the Supreme Court of the State of New York for Suffolk County, and respectfully represents as follows:

**Background & Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Debtor commenced this bankruptcy case on February 20, 2015 (the "**Petition Date**"), by filing a voluntary petition for relief under Chapter 7 of Title 11, United States Code (the "**Bankruptcy Code**").

1

3. On or about March 27, 2008, Movant advanced to Debtor and Pasqua Gallo (together, the "**Borrowers**") the sum of $750,000.00 for the purchase of property located at 55 Cherry Lane, Huntington, New York 11743 (the "**Premises**").  The Debtor's Schedules of Assets and Liabilities mistakenly switched the mortgagees on the real property owned by the Debtor; Citimortgage is the mortgagee on the 7 Breezy Hill property, and Movant the mortgagee on the Premises.[1]

4. To secure repayment, the Debtor executed and delivered to Movant an Adjustable Rate (the "**Note**") and a mortgage (the "**Mortgage**"), copies of which are annexed hereto as Exhibits A and B, respectively.  The Mortgage was recorded in the Office of the County Clerk of Suffolk County on April 10, 2008, and the mortgage tax was duly paid upon recording.

5. The Debtor breached her obligations under the Note and Mortgage by failing to make monthly payments beginning with the September 1, 2012 payment.  Movant elected to accelerate the mortgage debt and declare all sums secured thereunder to be due and payable.

6. On May 9, 2013, Movant commenced a foreclosure action against the Premises, styled Polish & Slavic Federal Credit Union v. Gallo, et al., Index No. 060812/2013.  As of the commencement of the foreclosure action, the total amount due on the Note was $660,220.53 with interest from August 1, 2012 at the annual rate of 4.000%.

7. As set forth in the accompanying statement submitted by Movant pursuant to General Order No. 533 ("**Lift Stay Form**"), the total pre-petition and post-petition debt of the Debtor as of the date of this Motion is $832,215.87, $827,021.01 of which is pre-petition debt owing on the Premises.

---

[1] The undersigned contacted the Debtor's attorney asking for the Schedules to be amended to reflect this mistake; thus far, no amendment has been filed.

## Relief Requested

8. Movant seeks an order granting relief from the automatic stay and allowing Movant to proceed with the pending foreclosure action concerning the Premises.

9. Bankruptcy Code Section 362(d)(2) states that the Court must grant relief from the automatic stay where (1) "the debtor does not have an equity in such property," and (2) "such property is not necessary to an effective reorganization." 11 U.S.C. §362(d)(2).

10. The Court must grant relief here because the Debtor does not have any equity in the Premises. As indicated on the Lift Stay Form, Movant has recently appraised the Premises for $529,000. Using this value, the amount owing on the Note exceeds the value of the Premises by nearly $300,000.

11. In addition, the Debtor's Schedules cite a Broker Price Opinion of $220,054, which presumably is the value of the Debtor's one-half interest in the Premises. Assuming this to be the case, even if doubled, the value of the Premises is approximately $440,000, nearly $400,000 less than the amount owed on the Note.

12. Furthermore, the Premises are not necessary for the Debtor's effective reorganization because the Debtor is presently in a Chapter 7 liquidation case, and the Debtor's Schedules indicate an intention to surrender the Premises.

13. Consequently, Movant is entitled to relief from the automatic stay under section 362(d)(2) so that it may enforce its rights under the Note and Mortgage against the Premises.

WHEREFORE, Movant requests that the Court grant it relief from the automatic stay so that it can resume its foreclosure action against the Premises.

Dated:  New York, New York  
　　　　March 16, 2015

**STEVENS & LEE, P.C.**

By: _/s/ Constantine D. Pourakis_  
　　Constantine D. Pourakis  
　　485 Madison Avenue, 20th Floor  
　　New York, New York  10022  
　　Telephone:  (212) 319-8500  
　　Fax:  (212) 319-8505  
　　cp@stevenslee.com

*Counsel for Polish & Slavic Federal Credit Union*